UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ERNEST TYRONE PENIGAR,

        Petitioner,

v.                                                                              Case No. 1:08-CV-783

WILLIE O. SMITH,                                              HON. GORDON J. QUIST

        Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Petitioner's Objections to the report and recommendation dated September 8, 2008, in which Magistrate Judge Brenneman recommended that Petitioner's habeas petition be summarily dismissed pursuant to Rule 4 because the petition fails to state a cognizable federal claim. The magistrate judge further recommended that a certificate of appealability be denied. After conducting a *de novo* review of the report and recommendation, the Court concludes that it should be adopted and the petition dismissed.

The magistrate judge first concluded that Petitioner's claim under *Blakely v. Washington*, 542 U.S. 296 (2004), fails because Michigan, unlike Washington, has an indeterminate sentencing scheme, under which the maximum sentence is set by law, not the trial judge. For this reason, the magistrate judge concluded, Michigan's sentencing scheme does not violate *Blakely*. The magistrate judge also concluded that Petitioner's claim regarding the sentencing court's misscoring of two offense variables does not present a cognizable federal claim because the trial court imposed a minimum sentence that was within the range that Petitioner claims was proper.

In his objections, Petitioner says that with regard to the *Blakely* issue, the magistrate judge erred by simply following prior decisions rather than addressing the claim on the merits. However, the magistrate judge did consider the merits of this claim, and he properly concluded that Petitioner has no claim under *Blakely*. Regarding the issue of misscoring, Petitioner states that he is entitled to relief, but he fails to state why. As the magistrate judge noted, Petitioner was sentenced at the top of the minimum range he contends the trial court should have used. Thus, any alleged error cannot give rise to a constitutional violation.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued September 8, 2008 (docket no. 4) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DISMISSED** pursuant to Rule 4 because Petitioner has failed to state a cognizable federal claim.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court. This case is **concluded**.

Dated:  January 14, 2009                              /s/ Gordon J. Quist
                                                          GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE